UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:18-CV-00534-X |
| v. | § § | |
| AMERICRUDE, INC., SHEZAD AKBAR a/k/a TONY AKERMAN, and DANIEL WAITE, | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

On April 3, 2020, plaintiff Securities and Exchange Commission (Commission) filed its *Unopposed Motion to Enter Final Judgment* against defendants Americrude, Inc. (Americrude) and Shezad Akbar [Doc. No. 34]. The Commission notes that it has reached a settlement with the Americrude and Akbar, and that these defendants executed the attached consent [Doc. No. 34-1] and agreed to the form of the attached proposed judgment [Doc. No. 34-2]. The Commission asks the Court to enter the agreed final judgment and expressly rule that there is no just reason for delaying the entry of such final judgment under Federal Rule of Civil Procedure 54(b). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** the Commission's motion and **GRANTS LEAVE** to the Commission to refile the motion to enter final judgment by July 2, 2020.[1]

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this Court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." U.S. Dist. Ct. Rules N.D. Tex., CJRA Sec. XI(2). To eliminate undue delay and unnecessary expense to the

The Court's duty to evaluate a proposed consent decree exceeds its duty to determine the fairness, adequacy, and reasonableness of a mere settlement.[2]  A consent decree's "terms require more careful scrutiny" because "the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect[.]"[3]  Specifically, the United States Court of Appeals for the Fifth Circuit directs district courts considering proposed consent decrees to

> examine [the proposed consent decree] carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates [the] Constitution, statute[s], and jurisprudence.  This requires a determination that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation.  If the decree also affects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed.[4]

The Fifth Circuit's general standard for consent decrees comports with sister circuits' specific standards for consent decrees involving an enforcement agency, including the Commission.  For example, in *Securities Exchange Commission v. Citigroup Global Markets, Inc.*,[5] the United States Court of Appeals for the Second

---

parties to this and other civil actions pending on the Court's docket, and because the Court has determined that the motion is suitable for resolution in this manner, the Court is deciding this motion by order rather than by a more detailed memorandum opinion.

[2] *U.S. v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (Rubin, J., concurring) ("When presented with a proposed consent decree, the court's duty is akin, but not identical to its responsibility in approving settlements of class actions, stockholders' derivative suits, and proposed compromises of claims in bankruptcy.  In these situations, the requisite court approval is merely the ratification of a compromise.  The court must ascertain only that the settlement is fair, adequate and reasonable." (citations and quotation marks omitted)).

[3] *Id.*

[4] *Id.*

[5] 752 F.3d. 285 (2d Cir. 2014).

Circuit advises:

> A court evaluating a proposed S.E.C. consent decree for fairness and reasonableness should, at a minimum, assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind.[6]

In considering these factors, the "primary focus of the inquiry" is "ensuring the consent decree is procedurally proper[.]"[7]

Here, the Commission filed an unopposed motion to enter final judgment and attached copies of the proposed consent decree and agreed judgment.  But the Commission's motion does not demonstrate—through use of the factors discussed in this Order—that its proposed consent decree and agreed judgment are procedurally proper.  Therefore, the Court **DENIES WITHOUT PREJUDICE** the motion to enter final judgment and **GRANTS LEAVE** to the Commission to refile the motion to enter final judgment by July 2, 2020.

In the Commission's renewed motion, the Commission must demonstrate that its proposed consent decree and agreed judgment satisfies the following standards.[8] First, the renewed motion must establish that: (1) the proposed consent decree comports with the Constitution, relevant statutes, and binding jurisprudence; (2) the terms of the proposed consent decree, including its enforcement mechanism, are

---

[6] *Id.* at 294–95 (citations omitted).

[7] *Id.* at 295.

[8] If the proposed consent decree and agreed judgment satisfy these standards, these ought not to be revised; only the motion demonstrating that the proposed consent decree and agreed judgment meet these standards must be amended and refiled.

clear; (3) the proposed consent decree reflects a resolution of the actual claims in the complaint; and (4) the proposed consent decree is not tainted by improper collusion or corruption of some kind.  Second, these factual and legal determinations must comport with the facts of record and be established by evidence, affidavit, or stipulation.

**IT IS SO ORDERED** this 2nd day of June 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE